# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER D. TAYLOR,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) NO. 2:20-cv-00044 |
| **JARED EFFLER, et al.,** | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Christopher D. Taylor, an inmate at the Fentress County Sheriff's Department in Jamestown, Tennessee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in the Eastern District of Tennessee (Doc. No. 2), along with an application to proceed as a pauper (Doc. No. 1). Because Taylor's requested relief includes being "relieved of all charges," the Eastern District construed Taylor's filing as a habeas corpus petition under 28 U.S.C. § 2241. (Doc. No. 4 at 1.) And because the Middle District of Tennessee would have jurisdiction over such a petition, the Eastern District transferred the case here. (Id. at 2.) Respectfully, however, this Court declines to construe Taylor's Section 1983 complaint as a Section 2241 habeas petition. And for the reasons stated below, upon initial review under the appropriate statutes, Taylor fails to state a Section 1983 claim at this juncture, but he will be permitted to file an amended complaint.

### I.  Construction of the Complaint

Under federal law, an inmate has "two main avenues to relief" for imprisonment-related complaints: a habeas corpus petition, and a civil rights complaint under 42 U.S.C. § 1983. Muhammad v. Close, 540 U.S. 749, 750 (2004). The first avenue, a habeas petition, is appropriate for challenges to the *validity* or *duration* of the inmate's confinement. Id. (citing Preiser v.

Rodriguez, 411 U.S. 475, 500 (1973). And the second avenue, a civil rights complaint, is appropriate for challenges to the *circumstances* of the inmate's confinement. Id.

Here, Taylor initiated this action using a Section 1983 complaint form. Although a "district court *may* on its own initiative re-characterize a *pro se* pleading provided it gives notice to the litigant of potential adverse collateral consequences," the Court is not required to do so. Young Bok Song v. Gipson, 423 F. App'x 506, 509 (6th Cir. 2011). And a district court may properly decline to construe an inmate's complaint as a habeas corpus petition where the inmate "does not allege that his claims are exhausted" and the complaint does not comply with the heightened pleading standards for asserting habeas claims. See Parker v. Phillips, 27 F. App'x 491, 494 (6th Cir. 2001) (citations omitted). That is the case here. Accordingly, the Court will not construe Taylor's Section 1983 complaint as a habeas corpus petition.

## II. Application to Proceed as a Pauper

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Taylor filed an application to proceed as a pauper (Doc. No. 1) and a copy of his inmate trust account statement (Doc. No. 8 at 3). These documents reflect that Taylor cannot pay the civil filing fee in advance. Accordingly, Taylor's application will be granted, and the $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

## III. Initial Review

The Court must dismiss this action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). The Court also must liberally construe *pro se* pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. Factual Allegations

Taylor alleges that he is facing charges for burglary and theft in Fentress County, and that he is innocent. (Doc. No. 2 at 4.) To get out of trouble, Taylor alleges, some "meth dealers that got busted" told police that Taylor brought them a vehicle from Livingston, Tennessee. (Id.) Taylor also alleges that Detective Jerry Mifflin "persuaded the witness" in his case and has harassed Taylor for several months based on "hearsay within a big drug circle of people." (Id.)

On April 28, 2020, Taylor had a preliminary hearing before Judge Todd Burnett. (Id. at 3.) After three witnesses testified, Judge Burnett stopped the hearing and called Taylor's appointed attorney and Assistant District Attorney General Manney Gilliam to his chambers. (Id. at 3–4.) A few minutes later, Taylor was told there was a conflict with his attorney. (Id. at 4.) Judge Burnett appointed Taylor a new attorney named Ivy Gardner and set a hearing for two weeks later. (Id.)

Taylor spoke with Gardner on the hearing date. (Id.) Gardner said that "they wanted [Taylor] in jail." (Id.) Gardner also relayed a message from "[the] DA" that Taylor would receive "a[n] offer [Taylor] would like" if he waived his hearing. (Id.) Taylor alleges that he has received "very poor" representation from his attorneys, and that his $35,000 bond is excessive. (Id.)

Taylor brings this action against District Attorney General Jared Effler, Assistant District Attorneys General Manney Gillam and Phillip Kazee, Detective Jerry Mifflin, and Judge Todd Burnett. (Id. at 1, 3.) He requests to be "relieved of all charges," monetary damages, an investigation of the District Attorney General's office by the Tennessee Bureau of Investigation, and the elimination or lowering of his bond while that investigation occurs. (Id. at 5.)

### B. Legal Standard

To determine if a Complaint passes initial review under the applicable statutes, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v.

3

Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

**C.     Analysis**

Taylor brings this action under Section 1983. "There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

As to Detective Jerry Mifflin, Taylor alleges that he "persuaded the witness" in Taylor's case and harassed Taylor for several months based on "hearsay within a big drug circle of people." These allegations are simply too vague to state a claim. Even under the liberal standards for evaluating *pro se* pleadings, "[a] complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory." Gilmore v. Corr. Corp. of. Am., 92 F. App'x 188, 190 (6th Cir. 2004) (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Moreover, to the extent that Taylor seeks to state a claim based on unspecified harassment, "conclusory allegations of continuing harassment are" insufficient to support a claim for relief under Section 1983. Williams v. Johnson, 55 F. App'x 736, 737 (6th Cir. 2003) (citing Emmons v. McLaughlin, 874 F.2d 351, 355 (6th Cir. 1989)).

4

Taylor, therefore, fails to state a claim against Detective Mifflin at this time. In accordance with the accompanying Order, however, Taylor will be permitted to file an amended complaint containing more specific allegations regarding Mifflin. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

As to the remaining parties—Judge Burnett, District Attorney General Effler, and Assistant District Attorneys General Gillam and Kazee—it appears that they are entitled to judicial or prosecutorial immunity from this suit. See Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004) (citing Pierson v. Ray, 386 U.S. 547, 553–54 (1967)) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions."); Adams v. Hanson, 656 F.3d 397, 401 (6th Cir. 2011) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)) ("[A] prosecutor is entitled to absolute immunity when he acts 'within the scope of his duties in initiating and pursuing a criminal prosecution.'"). But the Court will reserve making a final ruling on this issue pending a review of any amended complaint Taylor may file.

### IV. Conclusion

For these reasons, Taylor fails to state a claim under Section 1983 at this time. Nonetheless, as set forth in the accompanying Order, the Court will allow Taylor an opportunity to file an amended complaint containing more specific allegations regarding Detective Mifflin.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE